IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL MUHAMMUD, | ) | CASE NO. 4:14 CV 0013 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JOE COAKLEY, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Abdul Muhammud filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 against FCI-Elkton Warden Joe Coakley. In the Petition, he challenges the administrative grievance process as being needlessly complicated and difficult to use. He does not specify the relief he seeks.

**Factual and Procedural Background**

Petitioner states he received an incident report on November 15, 2013 for threatening another person with bodily harm. He claims he was taken to the segregation unit. He sought to file a grievance and discovered he must first request a grievance form from his unit staff. He contends the unit staff may at times be the source of his consternation, and having to ask them for forms places him in an awkward position. Moreover, he claims his unit team only visited the segregation unit twice since his arrival, and on both occasions did not speak with him. In addition, he claims he must pursue an informal remedy first, which he contends is misleading as the Bureau of Prisons ("BOP")

policy states there are three levels to the administrative process. He alleges unit staff frequently reject the informal complaint forms, thereby denying him access to administrative remedies. He states that "BOP staff at all levels have joined in a conspiratorial series of planned actions to prevent Petitioner from getting any relief through the administrative remedy process." (ECF No. 1 at 4). He asserts the FCI-Elkton staff have "engaged in a pattern of deprivation of civil rights of another while under color or law." (ECF No. 1 at 5). For relief, he asks the Court to grant this Petition and issue a Writ of Habeas Corpus. (ECF No. 1 at 6).

## Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## Analysis

In general, habeas corpus is available to prisoners seeking relief from unlawful

imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). However, § 2241 is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." Therefore, any claim that do not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action, and cannot be brought in a habeas petition.

Here, Petitioner is not challenging the Bureau of Prisons execution or calculation of his federal sentence. Instead, he is challenging the BOP's administrative grievance process which he finds frustrating and having the potential to result in a denial of access to the courts. Because this claim does not directly concern the duration of his federal sentence or his release from incarceration with the Bureau of Prisons, it is not the proper subject of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

### Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice to any civil rights claims Petitioner may have and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2014